IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUDREY A. CRAWFORD,

    Plaintiff,

vs.                                                                                                   Civ. No. 03-573 MV/RLP

MAYOR REUTHERFORD, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. This case was filed by Plaintiff *pro se* on May 14, 2003. The caption of Plaintiff's Complaint names as defendants the former mayor of Flint, Michigan, the Flint police and fire departments, and the Red Cross. The body of Plaintiff's Complaint identifies the Hurley Medical Center/Spencer-Greene Funeral Mortuary in Flint, Michigan and a law firm located in Flint, Michigan, as defendants. In April, 2004, summons were executed upon Defendant Spencer Funeral Home and Mortuary and Defendant Flint Police Department as well as at least two parties not identified as defendants in the Complaint--the Friend of the Court for Genesee County, Michigan, and the Office of the Sheriff of Genesee County, Michigan.

While Plaintiff's Complaint is incomprehensible, it appears that Plaintiff is attempting to assert civil rights violations under the Constitution and laws of the United States. Consequently, this Court has jurisdiction under 28 U.S.C. § 1331. The general venue statute applicable to civil actions wherein jurisdiction is not founded solely on diversity of citizenship provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

All the defendants in the case appear to be residents of Michigan. While it is unclear from the Complaint where the relevant events concerning this suit took place, it appears, from the location of the defendants, that the events must have occurred in Michigan. None of the unlawful acts are alleged to have been committed in New Mexico and none of the defendants appear to reside in New Mexico. The sole contact between the litigation and this Court is the fact that Plaintiff appears to have lived in New Mexico when the Complaint was filed.[1] Consequently, under 28 U.S.C. § 1391(b), venue does not lie in New Mexico.

If venue does not exist, an action may be dismissed or transferred to an appropriate district. Title 28 of the United States Code Section 1406 (a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether transfer or dismissal is in the interest of justice rests within the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. 1983).

Although Plaintiff's Complaint was filed nearly a year ago, the first summons was executed less than three weeks ago and no responsive pleadings have been filed. Furthermore, the

---

[1] In her Complaint, Plaintiff identified herself as a resident of Michigan but listed an Albuquerque, New Mexico address. From the summons, it appears that Plaintiff is currently living in Sunny Isles Beach, Florida.

Complaint is so vague and ambiguous that a defendant cannot possibly be expected to frame a responsive pleading. Under these circumstances, the Court finds that the interests of justice would be served by dismissing this case without prejudice rather than transferring it to an appropriate venue. Dismissing the case will allow Plaintiff the opportunity to file a new complaint that clarifies the claims being brought, the factual basis for these claims, and the parties against whom these claims are being asserted.

    **IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice.

Dated this th day of April, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE